## SAMUEL MOORE *v.* G. W. LOBBIN.

The right of a party to maintain an action is always governed by the condition of the demand at the time of the institution of the suit.

The act of the legislature passed 5th of March, 1846, (Hutch. Code, 833,) is a statute of limitations, affecting the commencement of suits; and if an action on such a judgment, as described by that act, be instituted before the expiration of three years from the date of its rendition, a transcript of the record, if it is admissible evidence on the trial, though more than three years have elapsed at the time it is offered, is evidence.

IN error from the circuit court of Carroll county ; Hon. John Watts, judge.

The facts of the case are contained in the opinion of the court.

*Sheppard* for appellant.

There is but a single question in this case, which arises on the construction of the amendment of the act of limitation of 1844, passed in March, 1846. *Hutch. Code, 833.*

The suit was instituted on a judgment rendered in Kentucky, and the defendant, at the time of the commencement of the suit in that State, and at the date of the rendition of the judgment, was a citizen of this State. Before the trial term in the court below, more than three years had elapsed from the date of the judgment. The defendant, in this state of case, objected to the introduction of the record as evidence of the debt, because of the lapse of time since its date, which objection was overruled, and the exception then taken.

Statutes of limitation generally enact that actions shall be commenced and sued within the time limited.

This amendment has no reference to the commencement of the suit, and there is no saving in the act of its consequences if the suit should be commenced within three years.

In effect it establishes a rule of evidence, and limits the competency of this class of judgments as proof of debt, to a period of three years after their date.

This is the plain language and positive provision of the act. When the will of the legislature in statutes of limitation is clearly expressed, it must be followed without regard to consequences, and a construction on the reason and spirit of the law is never resorted to, except ambiguity renders it unavoidable. Angell on Lim. § 21.

There is nothing in the constitution to prevent the legislature from interfering in this manner with the effect of judgments. It simply prescribes a period within which full faith and credit shall be given them, and after that period rejecting them cannot be regarded as interfering with private rights.    Angell on Lim. § 18.

The admission of this record, because the suit had been commenced within three years, would ingraft in the statutes an exception not within its terms.

*D. Shelton* for appellee.

Admit that the statute of 1846 is a rule of evidence, and not a statute of limitations.    I still contend that it applies not to the time of trial, but is to be applied with reference to the time at which the record of the judgment in Kentucky became part of the record in this cause.

The petition is an action of debt as on the record and files, and exhibits the record as a part of the petition; in other words, makes *profert* of it as in debt.    The defendant pleads to the action, but he does not plead *nul tiel record*, nor is any such issue raised in the pleadings.    But all allegations not denied in the pleadings are admitted by the defendant.    Such is the rule by common law and by statute.

The existence of that record was, therefore, a fact established in the cause from the time it was filed, and never in issue or controversy.    It could not have been objected to on the trial, because already admitted in the pleadings.    If, therefore, the defendant below wanted the benefit of his objection founded on the statute, he should have pleaded, that at the time said record in Kentucky was made part of the record in this case, it could not be received as evidence to charge defendant.

But admit the construction of the statute as claimed by

Moore *v.* Lobbin.

opposing counsel to be correct; that it is not a statute of limitations, but a rule of evidence, and the statute is clearly unconstitutional for that very reason.

The constitution of the United States, art. 4, § 1, declares, " That full faith and credit shall be given in each State to the records and judicial proceedings in every other State, and Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof." Hutch. Code, 20.

By art. 6, § 2, the constitution of the United States and the acts of Congress made in pursuance thereof are the supreme law of the land. Hutch. Code, 20.

By the acts of 1790, c. 38, § 1, it is enacted, " the records and judicial proceedings of the court of any State shall be proved or admitted in any other court within the United States by the attestation," &c., &c., " and the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken." 1 Laws U. S. 93.

Now, if the State of Mississippi can, by an act of her legislature, declare that such faith and credit shall last but three years, she can, with equal certainty, declare that they shall last but one or half a year. Insert six months in lieu of three years in the statute of 1846, and it would be as constitutional as it now is, and would no more violate the above act of Congress. In neither case do the records of our sister State have the same faith and credit given them here that they would have given them at home. But by the constitution, Congress shall prescribe not only the mode of authenticating, but also the effect thereof. She has prescribed the effect, yet, say adverse counsel, this can be limited here, and by our own legislature, to three years, three months, or three weeks, while in the State where such judgment was rendered and such records exist, there may be no such rule of evidence.

But, again, Congress shall prescribe the effect of such records by general laws, and not by partial ones. In other words, it

Moore v. Lobbin.

must be by laws to operate uniformly in all the States; and yet, according to the argument of adverse counsel, each State may limit the effect so declared by Congress to three years, three months, or three weeks, and it will be no infringement of the act of Congress or of the constitution.

These consequences are the inevitable result of the opposing counsel's position, that the statute of 1846 is a rule of evidence and not a statute of limitations. One of two conclusions is inevitable; either he is wrong in treating that statute as a rule of evidence, or that the statute is void. Either alternative is fatal to him in this suit. If he is wrong, then it is merely a statute of limitations, and is to be applied as to the commencement of the suit, and, therefore, his defence fails. If the statute is unconstitutional and void, it is no bar to the suit or to the record as evidence.

*J. K. Lea* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This action was brought on the 27th of July, 1850, by the defendant in error against the plaintiff in error, in the circuit court of Carroll county, on a judgment rendered against the plaintiff in error, in the State of Kentucky, on the 10th of September, 1847. On the trial below, the plaintiff offered in evidence, a transcript of the record of the judgment in Kentucky, to the admission of which in evidence, the defendant objected, on the ground that the judgment had been rendered more than three years next preceding the trial then in progress, which took place in May, 1851, it being admitted that the defendant Moore was, at the time of institution of the suit in Kentucky, in which the judgment was rendered, and has since continued to be, a citizen of this State. The court overruled the objection, and admitted the record of the judgment in evidence; and this is the error now complained of.

The question here presented involves the construction to be given to the act of 1846, which provides, " that no record of any judgment recovered in any court of record without the limits of this State, against any person who was at the time of the com-

mencement of the suit on which said judgment is founded, or at the time of the rendition of said judgment, a citizen of this State, shall be received in any court in this State as evidence to charge such citizen with liability, after the expiration of three years from the time of the rendition of such judgment without the limits of this State." Hutch. 833. The question is, did this statute intend to bar an action commenced after the time limited by it, or did it intend to exclude evidence of the judgment where three years had not elapsed between the date of the judgment and the institution of the suit; but that period had elapsed at the time of trial and offering the evidence. In other words, is it a statute of limitations simply, or was its design to change the established rules of evidence and of judicial proceedings and the rights of parties?

The phraseology of the statute renders it not free from difficulty of construction. It is an amendment to the general statute of limitations, and purports, in its preamble, to be a statute of limitations; and the legislature must have had in view that general principle governing all statutes limiting actions, that the periods prescribed have reference to the commencement of the action. We cannot suppose that the legislature intended to do more than to debar a party of any right to maintain an action commenced on such a judgment after the lapse of time mentioned, or that any reference was had to the time of trial of a suit which might be commenced long before the expiration of the time limited. Such a construction would involve the most unjust and unreasonable consequences. Thus, if a party instituted his action in this State immediately after the rendition of the judgment in another State, or amply within the time limited, and it should so happen that the suit was not tried until after the expiration of three years from the time of rendition of the judgment, an action properly commenced, upon a just and legal demand, would be absolutely defeated. The right of parties to maintain actions is always governed by the condition of the demand at the time of instituting the suit; and it would be an anomaly in legislation for the legislature to recognize the right of a party to institute a suit for the redress of a wrong then existing, and yet, at the same time, debar him of the right

to maintain it, by depriving him of the means he had to show his grievance at the time he commenced his suit. But such would be the case if a literal construction is given to the words of this statute.

If the statute intended to establish a new rule of evidence, it cannot be held to divest a right already accrued and in due course of legal prosecution. And though State legislatures have power to pass statutes of limitations, and to regulate remedies, they have no power to declare, that records of judgments from other States, duly authenticated, shall not be evidence of the judgment; for this would be in direct violation of the fourth article of the first section of the constitution of the United States, declaring that " full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State," and the Act of Congress of 26th May, 1790, in furtherance of that article of the constitution.

We are, therefore, led to sanction such a construction of the statute as is most consistent with reason and justice, and not in conflict with the constitution of the United States; and we are accordingly of opinion, that this is a statute of limitations affecting the commencement of the suit, and that if an action on such judgment be instituted before the expiration of three years from the date of its rendition, a transcript of the record of it is admissible evidence on the trial, though more than three years have elapsed at the time it is offered in evidence.

The judgment is, therefore, affirmed.